UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHETAM NIMER, an individual,
and MONA HAMED, an individual,

      Plaintiffs,

v.

Case No. 14-13689

HON. GEORGE CARAM STEEH

ADAM TOURS OF NEW YORK, INC.,
a corporation,

      Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO SET ASIDE DEFAULT JUDGMENT (DOC. 20)

Defendant Adam Tours of New York, Inc., seeks to set aside the default judgment entered against it on June 3, 2015. Defendant contends that the judgment is void under Federal Rule of Civil Procedure 60(b)(4) because it was not properly served with the summons and complaint. According to Defendant, the company first became aware of the judgment when its bank account was garnished in 2018.

BACKGROUND FACTS

According to the return of service form, Plaintiffs served Defendant on December 29, 2014, by unrestricted certified mail. Doc. 11. The return receipt contains an illegible signature, and no printed name indicating who signed for the package. The return receipt was addressed to "Adam Tours

- 1 -

of New York, Inc.," rather than a specific individual. Defendant avers that none of its six employees signed the return receipt accepting the summons and complaint. Doc. 20 at Ex. D (affidavits).

After Defendant failed to respond to the complaint, Plaintiffs sought a clerk's entry of default and a default judgment, which was entered on June 3, 2015, in the amount of $250,000 for each Plaintiff.

## LAW AND ANALYSIS

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). If Defendant was not properly served, the court lacks jurisdiction over the corporation, the default judgment is void, and the court must set the judgment aside under Rule 60(b)(4). *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'").

Proper service of process on a corporation is accomplished pursuant to Federal Rule of Civil Procedure 4(h), which provides that a corporation must be served:

    (1) in a judicial district of the United States:
      (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Therefore, a corporation, like an individual, may be served in accordance with state law. In this case, Plaintiffs may serve Defendant in accordance with the law of where the court is located (Michigan) or where service is made (New York).

Plaintiffs argue that service was proper under Michigan Court Rule 2.105(A),[1] which provides:

> (A) **Individuals.** Process may be served on a resident or nonresident individual by
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A). Defendant contends that M.C.R. 2.105(D), which

---

[1] Plaintiffs do not argue that service was proper under New York law.

- 3 -

concerns service on corporations, applies:

> (D) **Private Corporations, Domestic and Foreign.** Service of process on a domestic or foreign corporation may be made by
> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if
> > (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;
> > (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
> > (c) the corporation's term of existence has expired.

M.C.R. 2.105(D).

Defendant is correct that service "following state law" pursuant to Rule 4(h)(1) and 4(e)(1) requires service on a corporation to be accomplished as set forth in M.C.R. 2.105(D), not M.C.R. 2.105(A). *See O.J. Dist.*, 340 F.3d at 355 (service on a corporation under Rules 4(h)(1) and 4(e)(1) in accordance with Michigan law must be in compliance with

M.C.R. 2.105(D)). Plaintiff's attempted service by unrestricted registered mail does not comply with M.C.R. 2.105(D). *Etherly v. Rehabitat Sys. of Michigan*, No. 13-11360, 2013 WL 3946079 at *2 (E.D. Mich. July 31, 2013) ("[S]ervice of process by certified mail is not proper service on a Michigan corporation."); *Harper v. ACS-Inc.*, No. 10-12112, 2010 WL 4366501, at *4 (E.D. Mich. Oct. 28, 2010) ("[C]ourts in the Eastern District of Michigan consistently have held that proper service in Michigan does not include service by mail."); *Walker v. Brooke Corp.*, No. 08-14574, 2009 WL 1689653, at *2 (E.D. Mich. June 17, 2009) ("Cases in this district that have addressed the issue have held that the Michigan rules do not authorize service by registered mail on corporations.").

Plaintiffs argue that service by mail is permitted by M.C.R. 2.105(A)(2), which applies to service on individuals. However, Rule 4(e)(1) provides for service "following state law" – it does not say that a corporation may be served based upon the same state service rules that apply to individuals. Michigan law does not provide that a corporation may be served in the same manner as an individual. Moreover, even if the method of service set forth in M.C.R. 2.105(A)(2) (certified mail) was appropriate, Plaintiffs failed to comply with that provision, which requires that "delivery [be] restricted to the addressee." Plaintiffs sent the summons and complaint by unrestricted certified mail. The individual who accepted the

mail is unidentified and there is no evidence that individual had the authority to accept service on behalf of Defendant.

Under the circumstances, service of process was not proper under Rule 4(h)(1). Without proper service, the court lacks personal jurisdiction over Defendant.[2] *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). Accordingly, the default judgment is void and must be vacated. *O.J. Dist.*, 340 F.3d at 353 ("[I]f service of process is not proper, the court must set aside an entry of default.").

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to set aside default judgment (Doc. 20) is GRANTED.

IT IS FURTHER ORDERED that the default judgment entered June 3, 2015 (Doc. 19) is VACATED.

Dated: February 28, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 28, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---

[2] Plaintiffs suggest that Defendant had actual notice of this action. Regardless, "actual knowledge of the action" does not cure "a technically defective service of process." *Friedman*, 929 F.2d at 1156.