UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHETAM NIMER, an individual,
and MONA HAMED, an individual,

    Plaintiffs,

v.

ADAM TOURS OF NEW YORK, INC.,
a corporation,

    Defendant.
_____/

Case No. 14-13689

HON. GEORGE CARAM STEEH

ORDER GRANTING PLAINTIFF'S MOTION TO REISSUE
SUMMONS AND EXTEND TIME FOR SERVICE (Doc. 28)

Plaintiffs filed this action in 2014. When Defendant did not respond to the complaint, Plaintiffs obtained a default judgment on June 3, 2015. Defendant filed a motion to set aside the default judgment, which was granted on February 8, 2019. The court set aside the default judgment because Defendant was not properly served with the summons and complaint.

On July 16, 2019, the court issued an order to show cause directing Plaintiffs to explain why this action should not be dismissed for failure to prosecute. On July 30, 2019, Plaintiffs responded to the show cause order

-1-

and filed a motion to reissue the summons. Defendant has not filed a response.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* (emphasis added). The Advisory Committee notes provide that this section "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." *Id.* (Advisory Committee Notes to 1993 Amendment). *See also Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 325-26 (E.D. Mich. 2001) ("[G]ood cause no longer stands as an absolute prerequisite to extending the time for obtaining proper service of process.") (citing cases).

Plaintiffs do not argue that good cause exists for extending the summons, but that the court should exercise its discretion to do so. Plaintiffs contend that if the complaint is dismissed, their causes of action may be time barred. *See* M.C.L. §§ 600.5805, 600.5813; M.C.L. § 445.911(7); *Slenzka*, 204 F.R.D. at 326 ("Because Plaintiffs' suit will be time-barred if refiled, an extension of time to effect service of process is

clearly contemplated by Rule 4(m).") Plaintiffs also argue that an extension would serve the "overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds." *Id.* (citation omitted). Plaintiffs also point out that Defendant has actual notice of this action.

The court agrees that these factors weigh in favor of extending the time to serve the summons and complaint. Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion (Doc. 28) is GRANTED. Plaintiffs shall have until October 11, 2019 to serve the summons and complaint on Defendant.

IT IS FURTHER ORDERED that the court's order to show cause (Doc. 26) is satisfied.

Dated: August 28, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 28, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk