UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHETAM NIMER, an individual,
and MONA HAMED, an individual,

    Plaintiffs,

v.

ADAM TOURS OF NEW YORK, INC.,
a corporation,

    Defendant.
_____/

Case No. 14-13689

HON. GEORGE CARAM STEEH

ORDER DENYING MOTION FOR DEFAULT
JUDGMENT (ECF No. 42) AND SETTING ASIDE DEFAULT

    For the second time, Plaintiffs have moved for the entry of a default judgment. The court granted Plaintiffs' first motion for default judgment in 2015. On February 28, 2019, the court vacated the default judgment after determining that Defendant had not been properly served with process. ECF No. 25. Plaintiffs assert that they re-served the summons and complaint on September 13, 2019. ECF No. 38-1. After Defendant failed to respond, Plaintiffs obtained a clerk's entry of default on May 7, 2020. Plaintiffs filed a motion for default judgment on May 14, 2020.

    On August 2, 2020, Defendant responded to the motion for default judgment, requesting that the default be set aside and that it be permitted

-1-

to defend the case on the merits.[1] Pursuant to Federal Rule of Civil Procedure 55(c), it is within the court's discretion to set aside an entry of default "for good cause." *Id.* The court considers whether "(1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline RR*, 705 F.2d 839, 844 (6th Cir. 1983) (citation omitted). "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). "In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *Id.* at 322.

Defendant alleges that it has a meritorious defense: that Plaintiffs' claims are barred by the statute of limitations. Defendant has satisfied this

---

[1] Although Defendant has not filed a motion to set aside the default, an "opposition to a motion for default may be treated as a motion to set aside entry of default." *United Coin Meter Co. v. Seaboard Coastline RR*, 705 F.2d 839, 844 (6th Cir. 1983).

requirement by articulating a defense that is "'good at law,' regardless of whether the defense is actually likely to succeed on the merits." *Id.* at 326.

Plaintiffs contend that are likely to be prejudiced by having to proceed on the merits and take discovery, six years after their complaint was initially filed. Much of this delay, however, is attributable to Plaintiffs' initial failure to properly serve the summons and complaint and subsequent lack of diligence in prosecuting this case. *See* ECF Nos. 25, 26, 31, 34. Once the first default judgment was vacated, Plaintiffs waited six months to serve the complaint, and several more months to seek a clerk's entry of default. In light of this procedural history, the court is hard pressed to find that Plaintiffs would be prejudiced by setting aside the entry of default.

As for the culpability of Defendant, the record does not reflect a "willful" failure to appear. Defendant asserts that it was not properly served with the summons and complaint. The affidavit of the process server indicates that a "John Doe" was personally served at Defendant's business address. ECF No. 38-1. Because the name and title of the person accepting service have not been provided, the court is unable to discern whether service was proper. *See* Fed. R. Civ. P. 4(h); M.C.R. 2.105(D). Although Plaintiffs suggest that Defendant "hid" from this suit, they provide no evidence that Defendant has attempted to evade service. Because it is

unclear whether service was proper, the court cannot conclude that Defendant's failure to respond to the complaint was willful.[2] *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353-55 (6th Cir. 2003) ("[I]f service of process was not proper, the court must set aside an entry of default," without considering the three *United Coin Meter* factors).

Weighing the *United Coin Meter* factors, the court finds that Defendant has established good cause to set aside the default pursuant to Rule 55(c). Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for default judgment (ECF No. 42) is DENIED and the clerk's entry of default (ECF No. 41) is SET ASIDE.

Dated:  October 19, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 19, 2020, by electronic and/or ordinary mail,

s/Brianna Sauve
Deputy Clerk

---

[2] The record does not reflect whether Plaintiffs sought a waiver of service under Rule 4(d), which provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."

-4-