UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHETAM NIMER, an individual,
and MONA HAMED, an individual,

      Plaintiffs,

                          Case No. 14-13689

  v.

                          HON. GEORGE CARAM STEEH

ADAM TOURS OF NEW YORK, INC.,
a corporation,

      Defendant.
_____/

ORDER DENYING PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT (ECF NO. 53) AND
DEFENDANT'S MOTION TO DISMISS (ECF NO.54)

      Plaintiffs seek a default judgment in this action for the third time. Their

first motion for default judgment was granted in 2015, then set aside as

void in 2019 because service was improper. ECF No. 25. The court

dismissed the action for failure to prosecute on January 9, 2020, but

reinstated it on May 6, 2020, after granting Plaintiffs' motion for relief from

judgment. ECF No. 37. On October 19, 2020, the court denied their second

motion for default judgment because it was unclear whether service was

proper. ECF No. 46. In December 2020, Plaintiffs filed a motion for

-1-

alternate service, which the court denied on January 14, 2021. The court extended the summons and Plaintiffs filed a certificate of service on February 26, 2021, indicated that personal service on Defendant was accomplished on that date.

After Defendant failed to answer the complaint, Plaintiffs filed a motion for default judgment on June 8, 2021.[1] Defendant filed an untimely response to the motion, as well as a cross-motion to dismiss, on July 16, 2021. Defendant has not explained its failure to timely respond to the complaint.

Nonetheless, Plaintiffs' motion for default judgment is procedurally improper because Plaintiffs did not first obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55; *Ramada Franchise Sys., Inc. v. Baroda Enterprises, LLC,* 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment."); *U.S. ex rel. TTL Assocs., Inc. v. Edge Const. Co.*, No. 06-14453, 2007 WL 295219, at *1 (E.D. Mich. Jan. 26, 2007) ("Most courts have interpreted Rule 55 to require entry of default by the clerk before default judgment can

---

[1] Although Defendant states in its response that it has answered the complaint, no answer appears on the electronic docket.

be entered."); *Heard v. Caruso*, 351 Fed. Appx. 1, 16 (6th Cir. 2009) ("Because Heard did not first seek entry of a default from the clerk of the court, it was procedurally improper for Heard to move for entry of a default judgment."). Accordingly, the court will deny Plaintiffs' motion for default judgment.

In its motion to dismiss, Defendant argues in passing that service was not proper under Federal Rule of Civil Procedure 4. Defendant has not explained, however, why service was defective. Defendant's effort to raise this challenge "in a perfunctory fashion will not do." *King v. Taylor*, 694 F.3d 650, 657 (6th Cir. 2012). Defendant's failure to properly raise its defective service defense in its motion serves as a waiver. *Id.* ("[A] defendant who files a motion under Rule 12, yet fails to raise in that motion the defense of insufficient service of process, forever 'waives' that defense.").

Defendant also argues, in a perfunctory manner, that Plaintiffs' action is barred by the statute of limitations. A breach of contract action is subject to a six-year statute of limitations under Michigan law. M.C.L. § 600.5807. Plaintiffs assert that their action is timely because their cause of action accrued in 2013 and their complaint, which was initially filed in 2014, remains operative.

-3-

In general, "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013). "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run," and "[i]f the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Id.* (citation omitted).

Defendant's skeletal argument, devoid of case law or analysis, does not serve to satisfy its burden of demonstrating that the statute of limitations has run. The court will deny Defendant's motion to dismiss on this ground, without prejudice to Defendant's ability to file a properly supported motion for summary judgment at the appropriate time.

IT IS HEREBY ORDERED that Plaintiffs' motion for default judgment (ECF No. 53) and Defendant's motion to dismiss (ECF No. 54) are DENIED.

Given the extensive procedural history of this matter, it is well past the time for this case to proceed on the merits. Accordingly, IT IS FURTHER ORDERED that Defendant shall file an answer to Plaintiffs'

-4-

complaint within fourteen (14) days of the date of this order. The court will not excuse any further late filings. If Defendant fails to timely file an answer, it shall be in default and the court will direct the entry of a default without further notice.

Dated:  September 1, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 1, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk